1  Kathleen C. Jeffries
   Cal. Bar No. 110362
2  Christopher C. McNatt, Jr.
   Cal. Bar No. 174559
3  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 460
4  Pasadena, CA 91101
   (626) 795-4700
5  Fax: (626) 795-4790
   kjeffries@scopelitis.com
6  cmcnatt@scopelitis.com

7  Attorneys for Defendant,
   CRST Van Expedited, Inc., f/k/a CRST, Inc.
8

9              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF CALIFORNIA
10

11 CHARLES SMITH, HECTOR CASAS AND        )   CASE NO.
   BARRY NEWMANN, individually and on     )   '09 CV 2885        L    WMc
12 behalf of all other similarly situated current and )
   former employees of Defendants in the State of )
13 California,                            )   CLASS ACTION
                                          )   NOTICE OF REMOVAL
14              Plaintiffs,               )
                                          )
15      vs.                               )
                                          )
16 CRST VAN EXPEDITED, INC., CRST, INC.,  )
   and DOES 1 through 50, inclusive,      )
17                                        )
18              Defendants.
19

20      PLEASE TAKE NOTICE that Defendant, CRST Van Expedited, Inc., f/k/a CRST, Inc.[1]

21 ("CRST"), hereby removes this case from the Superior Court of San Diego County, California, to

22 the U.S. District Court for the Southern District of California.  In support of this removal, CRST

23 states as follows:

24      1.    **The Action.**  Plaintiffs, Charles Smith, Hector Casas, and Barry Newman, filed

25 their Class Action Complaint, captioned *Charles Smith, Hector Casas, and Barry Newman,*

26

27 ─────────────────────
   [1] CRST, Inc. changed its name to CRST Van Expedited, Inc. in 2001.  Copies of corporate documents relating to this
   name change are attached as *Exhibit A*.  Even though CRST, Inc. and CRST Van Expedited, Inc. have both been
28 named as Defendants in this case, they are in fact the same corporate entity.  For this reason, a separate consent of
   CRST, Inc. to this removal is not needed.

                                        1

1  *individually and on behalf of all other similarly situated current and former employees of*

2  *Defendants in the State of California vs. CRST Van Expedited, Inc., CRST, Inc., and Does 1*

3  *through 50, inclusive,* Case No. 37-2009-00101679-CU-OE-CTL (the "Class Action Complaint"),

4  in the Superior Court of San Diego County, California, on November 5, 2009. The Class Action

5  Complaint asserts causes of action for (1) failure to pay minimum wage for training, orientation,

6  and cancelled loads, and (2) violations of California's Unfair Competition Law ("UCL"), Cal.

7  Bus. & Prof. Code §§ 17200 *et seq.* Copies of all of the pleadings and papers filed in the Superior

8  Court of San Diego County, California of which CRST is aware are attached as *Exhibit B.*

9      **2.**     **Statutory Grounds for Removal.** This action is removable under 28 U.S.C.

10  § 1441(a), 28 U.S.C. § 1441(b), and 28 U.S.C. § 1453. 28 U.S.C. §§ 1441(a) and (b) provide for

11  the removal of state court civil actions over which U.S. District Courts have original jurisdiction.

12  As is explained in greater detail below, this Court has original jurisdiction over this case under 28

13  U.S.C. § 1332(d)(2) because this is a class action in which the proposed class includes at least 100

14  members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and

15  Plaintiffs and CRST are citizens of different states. As such, this action is removable pursuant to

16  28 U.S.C. § 1453, which provides that a class action may be removed to a federal district court in

17  accordance with 28 U.S.C. § 1446.

18      **3.**     **Citizenship of the Parties.** Plaintiffs allege that they are residents and citizens of

19  the State of California. *Class Action Complaint,* ¶ 3. CRST is an Iowa corporation that provides

20  transportation services throughout the United States. Its corporate headquarters, where most of its

21  executive and company-wide administrative functions are performed, are in Cedar Rapids, Iowa.

22  CRST's principal place of business is therefore in Iowa. *See Davis v. HSBC Bank Nevada, N.A.,*

23  557 F.3d 1026, 1028 (9th Cir. 2009) (where no state contains a "substantial predominance" of

24  corporate operations, the Ninth Circuit applies the "nerve center" test, which locates the

25  corporation's principal place of business in the state where "the majority of its executive and

26  administrative functions are performed."). CRST is therefore a citizen of Iowa. 29 U.S.C.

27  § 1332(c). Plaintiffs' naming of unidentified "Doe" defendants is irrelevant to removability. *See*

28  28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants

2

1    sued under fictitious names shall be disregarded."); *Kruso v. Int'l Tel. & Telegraph Corp.*, 872

2    F.2d 1416, 1424 (9th Cir. 1989) (the naming of Doe defendants cannot defeat diversity

3    jurisdiction).   Thus, Plaintiffs and CRST are citizens of different states, and the diversity

4    requirements of 28 U.S.C. §§ 1332(a)(1) and 1332(d)(2) are satisfied.

5          4.     **The Aggregate Number of Proposed Class – 28 U.S.C. § 1332(d)(5)(B).**

6    Plaintiffs define the proposed class to include "current and former non-exempt employees of

7    Defendants, who at all pertinent times were residents and citizens of the State of California, and

8    who worked as truck drivers for Defendants both in the State of California and in other states

9    transporting freight within the four (4) years preceding the filing of the Complaint in this action."

10   *Class Action Complaint*, ¶ 3.   Plaintiffs further allege that they and putative class members

11   participated in CRST's driver orientation program and driver training program. *See id.*, ¶¶ 10-13.

12   From a review of its records, CRST has determined that, from November 5, 2005 to the present,

13   the class period identified by Plaintiffs (the "Class Period"), *see id.*, ¶ 2, approximately 4003

14   California drivers participated in CRST's orientation program.  For various reasons, only 3812

15   drivers participated in CRST's driver training program during the Class Period.  The aggregate

16   number of the proposed class therefore exceeds the requirements of 28 U.S.C. § 1332(d)(5)(B).

17         5.     **Amount in Controversy – 28 U.S.C. § 1332(d)(2).**  CRST denies all of Plaintiffs'

18   material allegations.   Subject to its denial, the amount in controversy by virtue of Plaintiffs'

19   claims exceeds the $5,000,000 jurisdictional threshold.

20         a.   Minimum Wages – Orientation.   Plaintiffs allege that they and putative class

21   members participated in a three to four day driver orientation program and were paid $50 for the

22   entire program. *See Class Action Complaint* , ¶ 10.  They claim they were not paid the applicable

23   California minimum wage for all hours worked during the driver orientation program. *See id.*, ¶

24   11. The minimum wage applicable to employees in the transportation industry is currently $8 per

25   hour. *See California Industrial Welfare Comm'n Transportation Wage Order No. 9-2001* ("Wage

26   Order No. 9") § 4(B).  Approximately 4003 drivers participated in CRST's four-day orientation

27

28

Case No. _____
CLASS ACTION NOTICE OF REMOVAL

1    program during the Class Period. Assuming[2] that (1) each of the four days of the orientation

2    required eight hours of work, (2) each of the 4003 participating drivers was entitled to $8 pay per

3    hour during the orientation program, or a total of $256 for the four days, and (3) each of the 4003

4    participating drivers were paid $50 for the four-day orientation program, Plaintiffs appear to seek

5    $206 per putative class member in unpaid minimum wages, for a total of $824,618.

6            b.  Minimum Wages – Driver Training Program.  Plaintiffs allege that they and

7    putative class members participated in an orientation program that lasted 28 days and that they

8    and class members were paid $50 per day during the driver training program. *See Class Action*

9    *Complaint*, ¶ 12. They claim they were not paid the applicable California minimum wage for all

10   hours worked during the driver training program. *See id.*, ¶ 13. Approximately 3812 drivers

11   participated in CRST's driver training program during the Class Period. Assuming[3] that (1)

12   Plaintiffs and putative class members worked eight hours per day for 28 days during the driver

13   training program, (2) each of the 3812 participating drivers was entitled to $8 pay per hour during

14   the driver training program, or $64 per day, and (3) each of the 3812 participating drivers were

15   paid $50 per day for the driver training program, Plaintiffs appear to seek $392 per putative class

16   member in unpaid minimum wages (representing the class-wide 28-day total of the $14 difference

17   between the $64 purportedly earned each day and the $50 allegedly paid), for a total of

18   $1,494,304.

19           c.  Minimum Wages – Cancelled Deliveries.  Plaintiffs allege that at various times,

20   they and class members were not paid for time spent driving to a customer's location and waiting

21   for a shipment when that shipment was cancelled or otherwise unavailable to transport. *See Class*

22   *Action Complaint*, ¶ 14. According to Plaintiffs, this lack of payment deprived them of the

23   reporting time pay to which they were entitled under Wage Order No. 9 and to the applicable

24   minimum wage for the hours they worked. *See id.*, ¶¶ 14, 15. Under Wage Order No. 9, where an

25

26   [2] Except for the number of putative class members, these assumptions are based on Plaintiffs' allegations, which CRST disputes.

27   [3] As with the assumptions relating to the orientation program, these assumptions are, with the exception of the number of putative class members, based on Plaintiffs' allegations, which CRST

28   disputes.

employee reports to work as required "but is not put to work or is furnished less than half of [the] employee's usual or scheduled days' work, the employee shall be paid for half of the usual or scheduled day's work, but in no event less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." CRST estimates that not more than 1% of scheduled loads (not more than 2,000 loads for the entire company) are cancelled or otherwise unavailable for delivery in any given month. CRST cannot readily determine how many loads are hauled by California drivers, but CRST estimates, however, that the approximately 3,812 drivers hired in California during the Class Period represent approximately 21.5% of CRST's total number of drivers hired in California in the same time period. Assuming[4] that (1) 98,000 loads were cancelled or otherwise unavailable for delivery during the class period company-wide (2,000 loads per month for 49 months), (2) 21.5% of these loads could be allocated to California drivers based on their proportion of CRST's total number of drivers, (3) approximately 21,070 loads (21.5% of 98,000) were cancelled or otherwise unavailable to California drivers during the class period, and (4) Plaintiffs and putative class members were entitled to four hours of pay at minimum wage for each instance in which a load was cancelled or otherwise unavailable for delivery, Plaintiffs appear to seek a total of $674,240 ($32 in reporting time pay for each of the 21,070 unavailable loads).

d. Minimum Wages – Liquidated Damages. In addition to the allegedly unpaid minimum wages Plaintiffs seek to recover, Plaintiffs separately seek liquidated damages under Cal. Labor Code § 1194.2. *See Class Action Complaint*, ¶ 16. That section provides as follows:

> In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

Thus, in addition to the $2,993,162 in purportedly unpaid wages that Plaintiffs appear to claim, Plaintiffs also seek to recover the same amount again, plus interest, as additional liquidated

---

[4] Once again, with the exception of CRST's own estimates, CRST disagrees with these assumptions.

1  damages, bringing the total Plaintiffs appear to seek to approximately $5,986,324, not including

2  interest.

3        Thus, based on Plaintiff's allegations, the amount in controversy in this case exceeds 28

4  U.S.C. § 1332(d)(2)'s $5,000,000 jurisdictional threshold.

5        e. Unfair Competition. Plaintiffs also seek restitution of amounts purportedly

6  recovered by CRST pursuant to provisions in the employment contracts of drivers obligating

7  drivers to repay CRST amounts that CRST advanced to drivers in the event drivers terminated or

8  otherwise failed to perform their contracts during the first eight months of the drivers'

9  employment. CRST has not estimated the amount Plaintiffs may seek, but the presence of this

10 additional claim further affirms that the total amount in controversy exceeds the $5,000,000

11 jurisdictional threshold.

12       f. Attorneys' Fees. In addition, for each of the Plaintiffs' causes of action, Plaintiffs

13 also claim the recovery of attorneys' fees under the relevant statutes applicable to those causes of

14 action. Because there are statutes authorizing an award of attorney fees in connection with these

15 causes of action, Plaintiffs' anticipated attorneys' fees are to be included in calculating the amount

16 in controversy for purposes of determining the jurisdictional amount. See Galt G/S v. JSS

17 Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney fees award may be included in the

18 amount in controversy when an underlying statute authorizes their award).

19       **6.**   **Class Action.** This case is a class action within the meaning of 28 U.S.C.

20 §§ 1332(d)(2) and 1453. Those statutes provide that a class action is a civil action filed either

21 under Rule 23 of the Federal Rules of Civil Procedure or under a similar state statute or rule that

22 authorizes one or more representative persons to maintain a class action. Id. Here, Plaintiffs have

23 filed their Class Action Complaint in a California state court, and they accordingly seek class

24 certification under Cal. Code of Civil Procedure, § 382, which authorizes representative actions.

25 As noted above, there are more than 100 persons falling within Plaintiffs' proposed class

26 definition.

27       **7.**   **Timeliness of Removal.** Pursuant to 28 U.S.C. § 1446(b), CRST must file its

28 notice of removal within 30 days of being served with the initial pleading. CRST was served with

1   the Class Action Complaint on November 25, 2009. CRST's notice of removal is accordingly due

2   to be filed on December 28, 2009. *See* Fed. R. Civ. P. 6(a); *Poway Unified School Dist. v.*

3   *Stewart*, No. 07CV1060 WQH (POR), 2007 WL 3053039, *1 (S.D. Cal. 2007).

4   　　　**8.**　　**Notice of Removal to Adverse Parties and to State Court Clerk.** Pursuant to 28

5   U.S.C. § 1446(d), CRST will give written notice of this removal to Plaintiff and to the Clerk of the

6   Superior Court of San Diego County, California. Specifically, promptly after filing this Notice of

7   Removal, CRST will send to Plaintiff and will file with the Clerk of the Superior Court of San

8   Diego County, California a Notice of Removal to Adverse Parties and State Court Clerk, a true

9   and correct copy of which is attached hereto as *Exhibit C.*

10  　　　**9.**　　**No Waiver.** By filing this Notice of Removal, CRST does not waive any defenses

11  available to it.

12  　　　WHEREFORE, CRST respectfully removes this case to this Court.

13  　　　Dated: December 23, 2009

14

15  　　　　　　　　　　　　　　Respectfully submitted,

16

17  　　　　　　　　　　　　　　Kathleen C. Jeffries

18  　　　　　　　　　　　　　　Christopher C. McNatt Jr.

19  　　　　　　　　　　　　　　Attorneys for Defendant,
    　　　　　　　　　　　　　　CRST Van Expedited, Inc., f/k/a CRST, Inc.

20

21

22

23

24

25

26

27

28

Case No. _____
CLASS ACTION NOTICE OF REMOVAL

Exhibit "A"

Site Map | Contact Us

**Michael A. Mauro**

Business Services

Search Databases

Online Filing

Voter/Elections

Notaries

Nonprofits

Youth/Civic Events

Press/Media

Publications

About the Office

Useful Links

Contact Us

Home → Search Databases → Iowa Corporations → Results → Summary

## Search Databases

Addresses    Agents    Filings    Names    Officers    Stock    Summary    Search Again

### Summary

Searched: **CRST**

Print Certificate of Existence

| Corp No. | Legal Name | Status |
|----------|------------|--------|
| 6609 | CRST VAN EXPEDITED, INC. | Active |

| Type | State of Inc. | Modified |
|------|---------------|----------|
| Legal | IA | No |

| Expiration Date | Effective Date | Filing Date |
|-----------------|----------------|-------------|
| PERPETUAL | 4/13/1953 | 4/13/1953 |

| Chapter |
|---------|
| CODE 490 DOMESTIC PROFIT |

**Names** (viewing 3 of 8)

| Type | Status | Modified | Name |
|------|--------|----------|------|
| Legal | Active | No | CRST VAN EXPEDITED, INC. |
| Fictitious name | Active | No | CEDAR MOTOR LINES |
| Fictitious name | Active | No | CEDAR MOTOR LINES, INC. |

**Registered Agent or Reserving Party**

| Full Name | VICTORIA L BARES |
|-----------|------------------|
| Address | 3930 16TH AVE SW |
| City, ST, Zip | CEDAR RAPIDS, IA, 52404 |

**Home Office**

| Full Name | |
|-----------|--|
| Address | 3930 16TH AVE SW |
| City, ST, Zip | CEDAR RAPIDS, IA, 52404 |

Home | State of Iowa | Site Map | Contact Us

http://www.sos.state.ia.us/search/corp/(S(akoxwti3tzqje455ygri1z55))/corp_summary.aspx    12/2/2009

Iowa Corporations - Summary

Received:  11/16/01 11:26AM;  -> SECRETARY OF STATE;  Page 4
NOV.16.2001 _11:23AM    MOYER & BERGMAN PLC                NO.495    P.4/8

ARTICLES OF AMENDMENT

TO THE

ARTICLES OF INCORPORATION

OF

CRST, INC.

6609

TO THE SECRETARY OF STATE
OF THE STATE OF IOWA:

Pursuant to the provisions of Section 490.1006 of the Iowa Business Corporation Act, the undersigned corporation has adopted the following Articles of Amendment to its Articles of Incorporation:

1.  The name of the corporation is CRST, Inc. The effective date of its incorporation is April 13, 1953.

2.  _ The following amendment of the Articles of Incorporation was adopted by the shareholders of the corporation on November 15, 2001, in the manner prescribed by the Iowa Business Corporation Act.

I.  The caption of the Articles of Incorporation, "RENEWED AND RESTATED, AS AMENDED, ARTICLES OF INCORPORATION OF CRST, INC." is deleted and the following caption is substituted in lieu thereof:

"ARTICLES OF INCORPORATION OF CRST VAN EXPEDITED, INC."

II.  Article I of said Articles of Incorporation is amended to delete the first and only sentence in its entirety and substitute in lieu thereof:

"ARTICLE I.

The name of this corporation is CRST Van Expedited, Inc."

3.  The number of shares of the corporation outstanding at the time of such adoption was 71 shares of common stock. The number of shares entitled to vote thereon is 71.

4.  The designation and number of outstanding shares of each class entitled to vote thereon as a class were as follows:

| Class | Number of Shares |
|-------|------------------|
| Common | 71 |



Received: 11/16/01 11:27AM; -> SECRETARY OF STATE; Page 5
NOV.16.2001 11:23AM    MOYER & BERGMAN PLC          NO.485   P.5/8

5.  The number of shares voted for such amendment was 71; and the number of shares voted against such amendment was -0-.

6.  The number of shares of each class entitled to vote thereon as a class voted for and against such amendment, respectively, was:

| Class | Number of Shares | |
|---|---|---|
| | For | Against |
| Common | 71 | -0- |

7.  The effective date of these Articles of Amendment is the date on which they are filed with the Secretary of State of Iowa.

Dated: November _16_, 2001

By _____
Wesley L. Brackey, Assistant Secretary/Treasurer


STATE OF IOWA        )
                     ) ss:
COUNTY OF LINN       )

On this _16th_ day of November, 2001, before me, the undersigned, a Notary Public in and for the State of Iowa, personally appeared Wesley L. Brackey, to me personally known, who, being by me duly sworn, did say that he is the Assistant Secretary/Treasurer of said corporation; and that the Articles of Amendment to the Articles of Incorporation were signed on behalf of said corporation by authority of its Board of Directors; and that Wesley L. Brackey, as such officer, acknowledged the execution of said instrument to be the voluntary act and deed of said corporation, by it and by him voluntarily executed.

_____
Notary Public in and for the State of Iowa

JEFF J. GOEDKEN
COMMISSION NO. 167382
MY COMMISSION EXPIRES
11-12-2004

FILED
IOWA
SECRETARY OF STATE
11-16-01
11:26 AM
W290693

F:\CATHY\WPUG\CRST\2001 Name Change\CRST Arti.

2



MICHAEL A. MAURO.
Secretary of State
State of Iowa

IOWA 2008
BIENNIAL REPORT
for an
IOWA CORPORATION
Required by Iowa Code Chapter 490

MICHAEL A. MAURO
Secretary of State
**FILED**

**Date:** 3/28/2008 13:54
**Corporation No.:** 6609
**Certification No.:** A08006609

**1.** Name of the Corporation, its registered agent and registered office.

CRST VAN EXPEDITED, INC.
VICTORIA L BARES
3930 16TH AVE SW
CEDAR RAPIDS, IA 52404

**2.** The corporation has: [ ] No officers [ ] No directors

**3.** Officer(s):

[ ] Pres [x] Sec [x] Treas [ ] Dir
Name
BRACKEY, WESLEY L
Address
3930 16TH AVE SW
Address

| City | State | Zip | Country |
|------|-------|-----|---------|
| CEDAR RAPIDS | IA | 52404 | USA |

[x] Pres [ ] Sec [ ] Treas [x] Dir
Name
MIKE GANNON
Address
3930 16TH AVE SW
Address

| City | State | Zip | Country |
|------|-------|-----|---------|
| CEDAR RAPIDS | IA | 52404 | USA |

**4.** Address of the Principal Office of the Corporation:

Address
3930 16TH AVE SW
Address

| City | State | Zip | Country |
|------|-------|-----|---------|
| CEDAR RAPIDS | IA | 52404 | USA |

**5.** Does the corporation hold an interest in agricultural land in Iowa? No

**6.** Is the corporation a "family farm corporation?" No

**7.** Signed: Wesley L. Brackey    Capacity: Secretary-Treasurer

Exhibit "B"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CRST VAN EXPEDITED, INC., CRST, INC.
and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** CHARLES SMITH,
HECTOR CASAS and BARRY NEWMANN, individually and on behalf of all other
similarly situated current and former employees of Defendants in the State of California

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2009 NOV -5 A 10: 22

MAJOR COURT
SAN DIEGO COUNTY, CA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF CALIFORNIA IN AND FOR SAN DIEGO<br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER: (Número del Caso):<br>37-2009-00101679-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
A. Mark Pope / POPE, BERGER & WILLIAMS, LLP        Douglas J. Campion / Law Offices of Douglas J. Campion
3555 Fifth Avenue, Suite 300, San Diego, CA 92101        409 Camino Del Rio South, Suite 303
San Diego, CA 92103. Ph. (619) 595-1366        San Diego, CA 92108. Ph. (619) 299-2091

DATE: NOV 05 2009                          , Clerk, by     T. Lusch                          , Deputy
(Fecha)                                    (Secretario)                                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS™

SMITH / CRST 5183

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| A. Mark Pope / Stephanie Reynolds 77798 / 220090 POPE, BERGER & WILLIAMS, LLP 3555 Fifth Avenue, Suite 300 San Diego, CA 92103 TELEPHONE NO: (619) 595-1366 FAX NO: (619) 236-9677 ATTORNEY FOR *(Name):* CHARLES SMITH, HECTOR CASAS, BARRY | FILED CIVIL BUSINESS OFFICE 13 CENTRAL DIVISION 2009 NOV -5 A 10: 22 CLERK ... OR COURT SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: HALL OF JUSTICE - CENTRAL

CASE NAME: SMITH v. CRST

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 37-2009-00101679-CU-OE-CTL JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 4, 2009

A. Mark Pope, Esq.
(TYPE OR PRINT NAME)                                    ►                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
Martin Dean's ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach-Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court
    Case Matter
  Writ-Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

Martin Dean's ESSENTIAL FORMS™   **CIVIL CASE COVER SHEET**

SMITH / CRST 5183

1  A. Mark Pope (State Bar # 77798)
   Stephanie Reynolds (State Bar # 220090)
2  **POPE, BERGER & WILLIAMS, LLP**
   3555 Fifth Avenue, Suite 300
3  San Diego, California 92103
   (619)595-1366; Fax( 619)236-9677
4  pope@popeberger.com

5  Douglas J. Campion, Esq. (State Bar # 75381)
   **LAW OFFICES OF DOUGLAS J. CAMPION**
6  409 Camino Del Rio South, Suite 303
   San Diego, California  92108
7  (619) 299-2091; Fax: (619) 858-0034
   doug@djcampion.com

8

   Attorneys for Plaintiffs, CHARLES SMITH,
9  HECTOR CASAS and BARRY NEWMANN,
   individually and on behalf of all other similarly situated
10 current and former employees of Defendants in
   the State of California

11

12              **SUPERIOR COURT OF CALIFORNIA**

13                  **COUNTY OF SAN DIEGO**

14
   CHARLES SMITH, HECTOR CASAS          )   CASE NO.  37-2009-00101679-CU-OE-CTL
15 and BARRY NEWMANN, individually      )
   and on behalf of all other similarly situated   )   Judge:
16 current and former employees of      )   Dept.:
   Defendants in the State of California )
17                                       )
                                         )
18      Plaintiffs                       )   **CLASS ACTION COMPLAINT**
                                         )   **FOR:**
19      vs.                              )
                                         )   1) Failure To Pay Minimum Wage For
20 CRST VAN EXPEDITED, INC., CRST,       )   Training, Orientation, and Cancelled
   INC. and DOES 1 through 50, inclusive )   Loads
21                                       )
        Defendants                       )   2) Unlawful and Unfair Business
22                                       )   Practices In Violation Of B&P Code
                                         )   Section 17200
23                                       )
                                         )   **Demand for Jury Trial**
24 _____        )

25      Named Plaintiffs, CHARLES SMITH, HECTOR CASAS and BARRY NEWMANN,

26 individually, and on behalf of all other similarly situated current and former employees of

27 Defendants residing in the State of California (hereinafter, collectively referred to as

28 "Plaintiffs"), hereby allege as follows:

                                   -1-

# I

## PRELIMINARY ALLEGATIONS

1.      This action is properly filed in the County of San Diego, City of San Diego, Central Judicial District, because: Defendants, and each of them, are natural persons, corporations or other business entities which at times relevant hereto were authorized to do business, and were conducting and transacting business in the State of California, including in the County of San Diego and within the jurisdiction of the Central Judicial District; Defendants' obligations and liabilities arise in the State of California, including in the County of San Diego, and within the jurisdiction of the Central Judicial District; Defendants have maintained offices at or near 10509 Mission Gorge Road, Suite V, San Diego, CA 92108 or at other presently unknown locations within the County of San Diego, and transact business in the State of California, including in the County of San Diego; work was performed by Plaintiffs for Defendants in the State of California, including in the County of San Diego, and two of the Named Plaintiffs, CHARLES SMITH and BARRY NEWMANN, and on information and belief, some persons who are similarly situated reside in the State of California, County of San Diego, and are within the jurisdiction of this Superior Court, and the Central Judicial District.

2.      At all times within the four years before the filing of this Complaint, Defendants were companies in the business of transporting freight and employed truck drivers who were residents of the State of California.

3.      Plaintiffs and the members of the proposed class are current and former non-exempt employees of Defendants, who at all pertinent times were residents and citizens of the State of California, and who worked as truck drivers for Defendants both in the State of California and in other states transporting freight within the four (4) years preceding the filing of the Complaint in this action. Plaintiffs, and the current and former employees on whose behalf they bring this action[hereinafter sometimes referred to as "DRIVERS"], were referred to as "Contract Students" because they signed Pre-Employment Driver Training Agreements pursuant to which Defendants advanced certain costs for training, as set forth below. Plaintiffs are and

1   were, at all times herein mentioned, entitled to the benefits and protections of the California

2   Industrial Welfare Commission Wage Order 9 and the California Labor Code.

3       4.      Plaintiffs are informed and believe, and thereon allege that at all relevant times

4   herein, Defendants, and each of them, were the predecessors, successors, subsidiaries, parent

5   corporations, agents, employees, and/or servants, masters, or employers of the remaining

6   Defendants, and in doing the things herein alleged, were acting within the course and scope of

7   such agency, employment, or status and with the approval and ratification of each of the other

8   Defendants.

9       5.      Plaintiffs are informed and believe and thereon allege that Defendants, and each

10  of them, were and are Plaintiffs' joint employers by virtue of a joint enterprise because Plaintiffs

11  perform, and have performed, services for each and every of Defendants, and to the mutual

12  benefit of all Defendants, and all Defendants share control of Plaintiffs as employees, either

13  directly or indirectly, and because of the manner in which Defendants' business is conducted.

14      6.      Plaintiffs are informed and believe and thereon allege that each and every of the

15  acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each

16  acting as agents and/or employees, and/or under the direction and control of each of the other

17  Defendants, and that said acts and failures to act were within the course and scope of said

18  agency, employment and/or direction and control.

19      7.      Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1

20  through 100, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs

21  will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs

22  are informed and believe and thereon allege that each of these fictitiously named Defendants is

23  responsible in some manner for the occurrences herein alleged, and that Plaintiffs' damages and

24  loss of property as herein alleged were caused by those Defendants.

## II
## CLASS ACTION DESIGNATION

27      8.      This action, and each cause of action thereof, is appropriately suited for Class

28  Action status because:

(a)    The potential class of persons who have been employed as DRIVERS by Defendants within four years from the filing of this Complaint is numerous because Plaintiffs are informed and believe, and thereon allege, that since that time, Defendants have employed several hundred persons as DRIVERS. Joinder of all affected persons in this class individually would be impractical;

(b)    This action involves common questions of law and fact because the action focuses on the Defendants' systematic course of conduct, including illegal employment practices and policies, which have been applied to all affected employees in violation of the California Industrial Welfare Commission Wage Orders, the California Labor Code, the California Civil Code, the California Business and Professions Code, and the public policy of the State of California;

(c)    The claims of the Named Plaintiff are typical of the class because Defendants subjected all of the affected employees to similar and/or identical violations of the California Industrial Welfare Commission Wage Orders, the California Labor Code, the California Civil Code, the California Business and Professions Code, and the public policy of the State of California; and

(d)    The Named Plaintiffs are able to fairly and adequately protect the interests of all members of the class, because it is in their best interest to prosecute the claims alleged herein to obtain full compensation and restitution due to them and to the class members and to obtain injunctive relief to stop Defendants from continuing to violate the California Industrial Welfare Commission Wage Orders, the California Labor Code, the California Civil Code, the California Business and Professions Code, and the public policy of the State of California.

### III

### FIRST CAUSE OF ACTION

Failure to Pay Minimum Wage for All Hours Worked

(Against All Defendants)

9.     Plaintiffs hereby reallege, and incorporate by reference as though set forth fully

herein, the allegations contained in Paragraphs 1 through 8.

*No Minimum Wage For Orientation Program:*

10.     Within four years before the filing of this Complaint, Defendants established a

policy and practice whereby DRIVERS were required to attend an orientation as a condition of

employment by Defendants. That program was either a three day or a four day program, but the

DRIVERS were paid only a minimum fixed sum for attending, usually $50.00 for the entire

program. The time spent in the orientation program constituted "hours worked" because it was

conducted by persons employed by Defendants, it was not voluntary, it was conducted during

regular working hours, and was directly related to the Plaintiffs' employment by Defendants

because it consisted of learning CRST policies and procedures, including a road test.

11.     The Plaintiffs were not paid the applicable California minimum wage for all hours

worked during their attendance at the orientation program, in violation of Labor Code Section

1194.

*No Minimum Wage Paid For Driver Training Program:*

12.     Within four years before the filing of this Complaint, Defendants established a

policy and practice whereby Plaintiffs were paid a fixed sum of $50 per day, for each day

Plaintiffs spent driving in the mandatory training program, usually the first 28 work days after

orientation, during which they drove trucks for Defendants. That daily pay of $50 was paid to

Plaintiffs, irrespective of the numbers of hours they spent on-duty. Such policy was modified

only in or about February 2009, whereby Defendants did not require those drivers they labeled

the "non-contract" students (those students that pre-paid Defendants for Defendants' company-

sponsored truck driving school), to be paid pursuant to that $50 per day pay schedule but instead

-5-

were paid according to the miles driven. The so-called company – labeled "contract" students (those that financed their training at the company-sponsored truck driving school) did not begin their 22 cents per mile remuneration until after their 28 day training program was completed and are not part of the Class for this claim.

13.     The Plaintiffs were not paid the applicable California minimum wage for all hours worked during their first 28 days during which they drove trucks for Defendants, in violation of Labor Code Section 1194.

*No Minimum Wage Paid For Cancelled Assignments:*

14.     Within four years before the filing of this Complaint, Defendants established a policy and practice whereby Plaintiffs would be directed to report to the location of Defendant's customers to await a shipment of freight for transport. If for any reason the Defendants' customer cancelled the shipment, or Defendants cancelled the assignment, or for other reasons beyond the Plaintiffs' control, Plaintiffs would not be paid for the time spent driving to the customer's location, waiting for the shipment, or driving from the customer's location without any freight, and Plaintiffs were not paid reporting time pay, as required by Section 5 of Wage Order 9.

15.     The Plaintiffs were not paid the applicable California minimum wage for all hours worked when a customer's shipment was cancelled, in violation of Labor Code Section 1194.

### *Liquidated Damages Pursuant to Labor Code Section 1194.2*

16.     As a result of Defendants' failure to pay Plaintiffs at least the applicable minimum wage required by California law, pursuant to Labor Code Section 1194.2, Plaintiffs are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### *Request for Injunction Pursuant to Labor Code Section 1194.5*

17.     By failing to pay Plaintiffs at least the applicable minimum wage for all hours worked, as alleged above, Defendants willfully violated Labor Code Section 1194, Wage Order 9, which govern the wages and working conditions of employees. Accordingly, Plaintiffs request an injunction against Defendants prohibiting them from any further violations of such laws.

## IV.

## SECOND CAUSE OF ACTION

### Unlawful and Unfair Business Practices In Violation Of B&P Code Section 17200

#### (Against All Defendants)

18.    Plaintiffs hereby reallege, and incorporate by reference as though set forth fully herein, the allegations contained in Paragraphs 1 through 16, inclusive.

19.    Plaintiffs and, on information belief, the DRIVERS were required to participate in the Driver Training Program [hereinafter "DTP"] sponsored by Defendants and to sign a "Pre-Employment Driver Training Agreement"[hereinafter sometimes "PDTA"] a true and correct copy of which (with personal information redacted) is attached hereto as **Exhibit 1.**

20.    Plaintiffs, and, on information belief, the DRIVERS, were required to sign a written Driver Employment Contract [hereinafter sometimes "DEC"] before they were permitted to work for Defendants as truck drivers.

21.    The PDTA states in paragraph 11a thereof that the amounts advanced by CRST on behalf of the Student pursuant to Sections 9 [Phase 1 Expenses] and 10 [Phase 2 Expenses] thereof will equal or exceed the sum of $2,000.

22.    The PDTA also provides in Section 11 thereof that the terms of the CRST Driver Employment Contract the Student will be required to execute in order to be employed by CRST includes, among others, a provision that if, during the initial eight month term of Student's employment, either the Student breaches the Driver Employment Contract or the Student's employment is terminated for due cause, then the Student will owe and immediately must pay to CRST a sum designated in the PDTA, and as shown in Exhibit 1, the sum of $3,950, plus amounts advanced by CRST for Student's DOT physical and drug screen expenses, lodging cost and Transportation Cost incurred during Phase 1 that the Student has not yet repaid via deductions from weekly pay, plus interest.

23.    On information and belief, Plaintiffs allege that the Driver Employment Contract at all times pertinent hereto contained the same terms set forth in paragraph 22 above.

24.     The Pre-Employment Driver Training Agreement and the Driver Employment Contract were both pre-printed contracts which Plaintiffs were required to execute on a take-it-or-leave-it basis in order to become employed by Defendants. Both the Pre-Employment Driver Training Agreement and the Driver Employment Contract were procedurally unconscionable because each of those contracts was and is a standardized contract, which was imposed and drafted by the Defendants, who were parties of superior bargaining strength and the Plaintiffs were given only the opportunity to adhere to the contract or reject it.

25.     The Pre-Employment Driver Training Agreement and the Driver Employment Contract were substantively unconscionable because the terms thereof were overly harsh and / or one-sided and the terms lacked mutuality.

26.     The provision in both the Pre-Employment Driver Training Agreement and the Driver Employment Contract that if during the initial eight month term of the Student's employment, either the Student breaches the Driver Employment Contract or the Student's employment is terminated for due cause, then student will owe and immediately must pay to CRST the sum of $3,950 plus the amounts advanced by Defendants for DOT physical and drug screen expenses, Lodging Cost and Transportation Cost incurred during Phase 1 that the Student has not yet repaid via deductions from weekly pay  is an invalid and unenforceable penalty which is in violation of Civil Code Section 1671 because, on information and belief, it purports to require the Plaintiffs to pay more than the actual cost which Defendants paid for the driver training school the and is, therefore, an unlawful business practice within the meaning of Business & Professions Code Section 17200.

27.     Defendants' failure to pay minimum wages for all hours worked, as alleged in the First Cause of Action, is a violation of Labor Code Section 1194 and Wage Order 9.

28.     By violating the foregoing statutes, regulations, and Wage Orders, and by failing to take appropriate measures to address these violations, Defendants' acts constitute unlawful and unfair business practices under Business and Professions Code section 17200, et. seq. Defendants' violations of California wage and hour laws constitute a business practice because they were done and continue to be done repeatedly within 4 years from the date of the filing of

-8-

1   the original Complaint herein throughout the State of California, and in a systematic manner to

2   the detriment of Plaintiffs.

3       29.    As a direct, foreseeable, and proximate result of Defendants' acts and omissions

4   alleged herein, Plaintiffs have had their wages and other benefits of employment unlawfully

5   withheld and Defendants have been unjustly enriched as a result of their unfair business acts and

6   practices. Plaintiffs therefore request restitution to them and to all others similarly situated of all

7   wages and other benefits which have been wrongfully withheld in an amount according to proof

8   at time of trial, but in excess of the minimum jurisdiction of this Court.

9       30.    Pursuant to Business & Professions Code §17203, Plaintiffs request an injunction

10  prohibiting Defendants from continuing to violate California wage and hour laws as herein

11  alleged, and to make such orders or judgments as may be necessary to restore to Plaintiffs any

12  money or property which may have been acquired by Defendants by means of such unlawful

13  business acts and practices.

14      31.    Pursuant to Business & Professions Code §17203, Plaintiffs request a declaration

15  that the Pre-Employment Driver Training Agreement and the Driver Employment Contract are

16  void and an injunction against Defendants from enforcing the Pre-Employment Driver Training

17  Agreement and the Driver Employment Contract against Plaintiffs. In the alternative, Plaintiffs

18  request an injunction prohibiting Defendants from enforcing the terms of the Pre-Employment

19  Driver Training Agreement and the Driver Employment Contract with regard to the recovery by

20  Defendants from Plaintiffs or DRIVERS of any amount in excess of the reasonable value of the

21  tuition charged by any Educational Facility or actual amounts paid by Defendants for such

22  training, lodging cost, transportation cost, DOT physical and drug screen.

23      32.    Plaintiffs further request that any sums already received by Defendants pursuant

24  to the terms of the Pre-Employment Driver Training Agreement and the Driver Employment

25  Contract which are in excess of the reasonable value of the tuition charged by any Educational

26  Facility or actual amounts paid by Defendants for such training, lodging cost, transportation cost,

27  DOT physical and drug screen be restored to DRIVERS.

28

**V**

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.      For damages for unpaid minimum wages sustained by Plaintiffs as alleged in the First Cause of Action;

2.      For liquidated damages as alleged in the First Cause of Action pursuant to Labor Code Section 1194.2;

3.      For an injunction as alleged in the First Cause of Action pursuant to Labor Code Section 1194.5;

4.      For restitution of all monies, wages, and benefits which were unlawfully or unfairly withheld, and for such orders or judgments as may be necessary to restore to the Plaintiffs any money or property which may have been acquired by means of unlawful or unfair business acts and practices, as alleged in the Second Cause of Action;

5.      For an injunction, pursuant to Business & Professions Code §17203, prohibiting Defendants from continuing their unlawful and unfair business practices as alleged in the Second Cause of Action;

6.      For reasonable attorneys' fees pursuant to Labor Code Section 1194 and Code of Civil Procedure Section 1021.5;

7.      For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a jury trial :

Date: 10/30/09                    POPE, BERGER & WILLIAMS, LLP

                                 By: A. Mark Pope

Date: 10-30-09                   LAW OFFICES OF DOUGLAS J. CAMPION

                                 By: Douglas J. Campion

-10-
COMPLAINT [CLASS ACTION]

**EXHIBIT 1**

# CRST VAN EXPEDITED, INC.
## PRE-EMPLOYMENT DRIVER TRAINING AGREEMENT

Student (as defined below) has been admitted to the Driver Training Program ("DTP") sponsored by CRST Van Expedited, Inc., an Iowa corporation located at 3930 16th Avenue S.W., Cedar Rapids, Iowa 52404 ("CRST"). This Agreement governs the terms and conditions of the DTP until CRST and Student mutually execute the Driver Employment Contract (as defined below), at which time the terms and conditions of the Driver Employment Contract will govern the DTP. In consideration of the mutual promises and covenants contained in this Agreement, Student and CRST agree as follows:

1.   **Student.** For purposes of this Agreement, "Student" means the person who is signing this Agreement and whose name, address, telephone number and Social Security Number are as follows:

Student's Name   _Charles E. Smith_

Student's Address   Street and Number
                    City, State, Zip Code

Student's Phone

Student's SSN

2.   **DTP Phases.** The DTP consists of the following four (4) phases: "Phase 1" consists of driver training at the Educational Facility; "Phase 2" is CRST's orientation program held at a site selected by CRST; "Phase 3" is CRST's finishing school consisting of hands on over-the-road driver training with a CRST lead driver; and "Phase 4" is CRST's professional development program, which consists of specialized class room training and a mentoring program conducted by CRST's operations transition team. Phase 3 and Phase 4 will be conducted only if Student and CRST sign the Driver Employment Contract.

3.   **Educational Facility.** For purposes of this Agreement "Educational Facility" means the following independent contractor educational institution which is a separate, non CRST affiliated education facility, where Student shall participate in Phase 1:

Name:  _PREMIER TRUCK DRIVING School_
Address: _10405 SAN SEVAINE WAY STE I_
         _MIRA LOMA CA 91752_
Phone: _(951) 727-0625_

4.   **Driver Employment Contract.** For purposes of this Agreement, "Driver Employment Contract" means the written employment contract (separate and distinct from this Agreement) pursuant to which CRST employs Student as an over-the-road truck driver. Student understands that after Student's successful completion of Phase 1 and Phase 2, CRST has the option, at its sole discretion, to execute with Student the Driver Employment Contract and employ Student as an over-the-road truck driver according to the terms of the Driver Employment Contract. Nonexclusive preconditions for Student's employment with CRST as an over-the-road truck driver include (but are not limited to) the following: (a) Student and CRST mutually executing the Driver Employment Contract; (b) Student successfully completing Phase 1 and Phase 2; and (c) Student fully complying with all DOT requirements and all CRST requirements for employment as an over-the-road truck driver. Under no circumstances shall any term of this Agreement be interpreted as guaranteeing Student the right to employment with CRST. Additionally, Student's and CRST's execution of the Driver Employment Contract is a precondition for Student participating in Phase 3.

5.   **Not a Contract for Employment.** Student and CRST acknowledge and agree that this Agreement is not and shall under no circumstances be construed to be a contract for the employment of Student. Unless and until CRST, at its sole discretion, and Student mutually execute the Driver Employment Contract, Student shall not be considered to be an employee of CRST. Further, Student shall not have by reason of Student being a party to this Agreement any rights as an employee of CRST or be entitled to any employee benefits available to CRST employees. Student agrees that Student will not be paid any compensation until such time as CRST and Student execute the Driver Employment Contract.

6.   **DTP Prerequisites.** Student agrees that all of the following are preconditions for Student's participation in Phase 1 which Student must satisfy at Student's sole expense; Student shall be dismissed from the DTP upon failure to satisfy any of the conditions:

a.   By the beginning of Phase 1, Student must complete a CRST Company Driver Application;

b. By the beginning of Phase 1, Student must provide to CRST certification by a physician by CRST that Student has passed the United States Department of Transportation ("DOT") physical exam drug screen;

c. By the beginning of Phase 1, Student must pay a nonrefundable processing fee of $50.00 administrative costs of processing Student's enrollment; and

d. By the end of the first week of Phase 1, Student must obtain a Class A Commercial Driver's License ("CDL") learner's permit.

7. Transportation Cost. As used in this Agreement, "Transportation Cost" means for Phase 1 cost incurred to transport Student via transportation arranged and authorized by CRST from Student's home to the Educational Facility, and for Phase 2 the cost incurred to transport Student via transportation arranged and authorized by CRST from the Educational Facility to the site where the orientation program takes place.

8. Lodging Cost. For purposes of this Agreement: "Lodging Cost" means the hotel/motel rate charged for Student to stay at Driver Training Lodging during Phase 1 or Phase 2. "Driver Training Lodging" means lodging on a multiple person occupancy per room basis available to DTP students at a hotel or motel selected by CRST per an arrangement with the hotel/motel providing for reduced rates. CRST shall have no obligation to pay any costs or expense incurred by Student to stay or reside in any location other than the Driver Training Lodging during the course of Student's participation in the DTP.

9. Phase 1 Expenses. If Student satisfies the preconditions contained in section 6, CRST will pay on behalf of Student, subject to Student's repayment obligations set forth in section 11, the following expenses incurred by Student while attending Phase 1: (a) the tuition charged by Educational Facility for Student to attend Phase 1, (b) Student's Lodging Cost, (c) Student's Transportation Cost; and (d) Student's DOT physical and drug screen. Notwithstanding the foregoing, if Student does not complete Phase 1 for any reason whatsoever, then CRST shall not be obligated to Student to pay any of the tuition charged by the Educational Facility, but Student nonetheless must repay to CRST any amount of the tuition that CRST does pay on Student's behalf.

10. Phase 2 Expenses. If Student successfully completes Phase 1, CRST will advance on behalf of Student the Lodging Cost and Transportation Cost incurred by Student while attending Phase 2.

11. Repayment of CRST Advances.

a. Student acknowledges that the amounts advanced by CRST on behalf of Student pursuant to sections 9 and 10 of this Agreement will equal or exceed the sum of $2,000.

b. If Student is dismissed or withdraws from the DTP prior to commencing Phase 3, then Student will owe and must pay to CRST the entire amount of CRST's advances under sections 9 and 10. The amount owed by Student to CRST under this section 11.b will be immediately due and payable upon Student's dismissal or withdrawal from the DTP and will accrue interest from such date at a rate equal to the lesser of 1.5% per month or the maximum rate permitted by applicable federal and state usury laws.

c. Student acknowledges and understands that the terms of the CRST Driver Employment Contract that Student will be required to execute in order to be employed by CRST include, among others, the following:

(1) Following Student's completion of Phase 3 and the first week of Phase 4, and when Student is qualified as a company driver (i.e., in the driver's sixth week of employment) CRST shall begin to deduct from Student's weekly pay the amount of CRST's advances for Phase 1 expenses (pursuant to section 9 above), up to a maximum amount of Forty Dollars ($40.00) per week, until the entire sum advanced by CRST for the payment of such expense items are paid in full.

(2) If during the initial eight (8) month term of Student's employment either (a) Student breaches the Driver Employment Contract, or (b) Student's employment is terminated for due cause, then Student will owe and immediately must pay to CRST the following sum: (i) $3,950, plus (ii) the amounts advanced by CRST on behalf of Student (pursuant to section 9) for Student's DOT physical and drug screen expenses, Lodging Cost and Transportation Cost incurred during Phase 1 that Student has not yet repaid via deductions from weekly pay pursuant to this section 11.c(1), plus (iii) interest commencing as of the first day of employment under the Driver Employment Contract at a rate equal to the lesser of 1.5% per month or the maximum rate permitted by applicable federal and state usury laws.

CRST Van Expedited, Inc. Pre-Employment

12.     **Release of Liability.** Student understands that truck driving can be dangerous, and Student accepts all risks inherent in participating in Phase 1 and Phase 2. Student agrees to be responsible for all of Student's medical, incidental or consequential liabilities and expenses that may be incurred as a result of Student's participation in Phase 1 and Phase 2. Student acknowledges and agrees that Student has no right to worker's compensation, health care, or disability benefits from CRST until such time as CRST and Student both execute the Driver Employment Contract. Until such time as Student executes the Driver Employment Contract, Student hereby releases CRST from any and all liability to Student for any injury, loss, claim or other damage Student may sustain except for injuries and losses directly caused by the gross negligence of CRST.

13.     **Dismissal or Withdrawal from DTP.** Student may withdraw from the DTP any time at Student discretion. Student also acknowledges that the Educational Facility reserves the right to dismiss Student for any of the following reasons:

   a.     Any statement in Student's application which proves to be untrue or misleading.

   b.     The Educational Facility decides, in its sole discretion, that Student does not meet or possess the skills necessary to satisfy the requirements of its curriculum or does not meet the requirements necessary to obtain a CDL.

   c.     The Educational Facility decides, in its sole discretion, that Student is in violation of any other rules or regulations imposed by the Educational Facility.

14.     **Phase 1 Records.** Student acknowledges and agrees that the Educational Facility may not give to Student, or any third party, any information or confirmation of Student's grades, transcripts or successful completion of training in Phase 1 until after CRST gives written notification to the Educational Facility that Student has fully performed all of Student's obligations under the this Agreement. Student releases the Educational Facility from any obligation to give such information, or liability for complying with this Agreement.

15.     **Taxation.** Student is responsible for the payment of any and all taxes, whether federal, state or local in nature, that result from any receipt by Student of benefits hereunder, including, but not limited to, income taxes, Social Security and Medicare taxes, and unemployment compensation taxes. Student shall indemnify and hold CRST harmless from any liability for the payment for such taxes, and shall pay all of CRST's costs, fees, assessments and expenses (including attorneys' fees) related to such liability.

16.     **Miscellaneous Terms.** This Agreement contains the entire agreement and understanding between Student and CRST with respect to the subject matter hereof. Until the parties mutually execute the Driver Employment Contract, no representations, promises, agreements, or understandings, written or oral, that are not contained in this Agreement shall be of any force or effect. No change, amendment, or modification of this Agreement shall be valid or binding unless it is in writing and signed by the parties intended to be bound. If any one or more of the provisions of this Agreement is found to be unenforceable, then such unenforceability shall not affect the validity and enforceability of the other provisions. The terms and provisions of this Agreement and the rights and obligations contained herein shall be construed under and governed by the laws of the State of Iowa.

By signing this Agreement, Student acknowledges that Student has read this Agreement and understands and agrees to all of the terms and conditions and acknowledgments contained in this Agreement.

STUDENT:                                                      CRST VAN EXPEDITED, INC ("CRST")

Name: _Charles E. Smith_                    By: _____

Date: _10-01-07_                                    Name: _____

                                                                Title: _____

                                                                Date: _____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7066 |

PLAINTIFF(S) / PETITIONER(S):     Charles Smith et.al.

DEFENDANT(S) / RESPONDENT(S): CRST Van Expedited, Inc. et.al.

SMITH VS. CRST VAN EXPEDITED, INC.

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2009-00101679-CU-OE-CTL |
|---|---|

Judge: Charles R. Hayes                             Department: C-66

**COMPLAINT/PETITION FILED:** 11/05/2009

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

CALENDARED

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2009-00101679-CU-OE-CTL        CASE TITLE: Smith vs. CRST Van Expedited, Inc.

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Charles Smith et.al. |
|---|
| DEFENDANT(S): CRST Van Expedited, Inc. et.al. |
| SHORT TITLE: SMITH VS. CRST VAN EXPEDITED, INC. |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER:<br>37-2009-00101679-CU-OE-CTL |
|---|---|

Judge: Charles R. Hayes                                    Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                        Date: _____

_____                     _____
Name of Plaintiff                                    Name of Defendant

_____                     _____
Signature                                            Signature

_____                     _____
Name of Plaintiff's Attorney                         Name of Defendant's Attorney

_____                     _____
Signature                                            Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 11/05/2009                          _____
                                           JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| A. Mark Pope / Stephanie Reynolds   77798 / 220090 <br> POPE, BERGER & WILLIAMS, LLP <br> 3555 Fifth Avenue, Suite 300 <br> San Diego, CA 92103 <br> TELEPHONE NO.: (619) 595-1366   FAX NO. *(Optional)*: (619) 236-9677 <br> E-MAIL ADDRESS *(Optional)*: pope@popeberger.com <br> ATTORNEY FOR *(Name)*: CHARLES SMITH, HECTOR CASAS, and BARRY NEWMANN | F I L E D <br> Clerk of the Superior Court <br><br> NOV 1 0 2009 <br><br> By: D. HARDER, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

- ☐ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101
- ☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101
- ☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- ☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| | |
|---|---|
| PLAINTIFF(S)   CHARLES SMITH, HECTOR CASAS and BARRY NEWMANN | |
| DEFENDANT(S)   CRST VAN EXPEDITED, INC., CRST, INC. and DOES 1 through 50, inclusive | JUDGE: Hon. Charles R. Hayes |
| IN THE MATTER OF <br> A MINOR | DEPT: C-66 |
| PEREMPTORY CHALLENGE | CASE NUMBER <br> 37-2009-00101679-CU-OE-CTL |

A. Mark Pope _____ , is ☐ a party ☒ an attorney for a party in the above-entitled case and declares that  Honorable Charles R. Hayes _____ , the judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such judge.

WHEREFORE, pursuant to the provisions of Code Civ. Proc. § 170.6, I respectfully request that this court issue its order reassigning said case to another, and different, judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  November 10, 2009

_____
SIGNATURE

---

**ORDER OF THE COURT**

☒ GRANTED - This case is referred to Presiding/Supervising Department for reassignment and a notice will be mailed to counsel.

☐ DENIED

Date:  11-12-09

CHARLES R. HAYES
_____
JUDGE/COMMISSIONER/REFEREE OF THE SUPERIOR COURT

---

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge _____ on _____ per Presiding/Supervising Judge _____

SDSC CIV-249 (Rev. 8/08)   PEREMPTORY CHALLENGE   Code Civ. Proc. § 170.6

North Deed's ESSENTIAL FORMS™

SMITH / CRST 5183

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 450-7068 | |

| PLAINTIFF(S): Charles Smith et.al. | |
|---|---|
| DEFENDANT(S): CRST Van Expedited, Inc. et.al. | |
| CHARLES SMITH VS. CRST VAN EXPEDITED, INC. | 11/13/2009 |

| NOTICE OF CASE REASSIGNMENT | CASE NUMBER:<br>37-2009-00101679-CU-OE-CTL |
|---|---|

**Filed :** 11/05/2009

## EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED

to Judge Luis R. Vargas, in Department C-63

due to the following reason:    Peremptory Challenge

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

**NOTICE OF CASE REASSIGNMENT**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

Central
330 West Broadway
San Diego, CA 92101

SHORT TITLE: Smith vs. CRST Van Expedited, Inc.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>37-2009-00101679-CU-OE-CTL |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occured at San Diego, California on 11/13/2009. The mailing occured at Sacramento, California on 11/16/2009.

Clerk of the Court, by: _____ , Deputy

D. Lim

A. Mark Pope
Pope, Berger, and Williams
3555 Fifth Avenue, Suite # 300
San Diego, CA 92103

POPE, BERGER, & WILLIAMS, LLP
3555 FIFTH AVENUE, SUITE 300
SAN DIEGO  CA  92103
619-234-1222
Attorney for :  CHARLES SMITH, et al.

Ref. No.    :  0610647-01
Atty. File No.:  5183

**RECEIVED**

**DEC 1 8 2009**

SCOPELITIS, GARVIN,
LIGHT, HANSON & FEARY

SUPERIOR COURT OF CA. COUNTY OF SAN DIEGO
CENTRAL DIVISION-HALL OF JUSTICE  JUDICIAL DISTRICT

| | | |
|---|---|---|
| PLAINTIFF | : CHARLES SMITH, et al. | Case No.: 37-2009-00101679-CU-OE-CTL |
| DEFENDANT | : CRST VAN EXPEDITED, INC., et al. | **PROOF OF SERVICE OF SUMMONS** |

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE
          ASSIGNMENT; NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE;
          STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION; NOTICE
          OF CASE REASSIGNMENT

3.    a. Party served    :    CRST, INC.
                                    AUTHORIZED AGENT FOR SERVICE: CT CORPORATION SYSTEM
       b. Person served  :        MARGARET WILSON, PROCESS SPECIALIST
                                    (AUTHORIZED AGENT FOR CT CORPORATION SYS.)

4.    Address where the party was served  818 WEST 7TH STREET
                                    LOS ANGELES, CA  90017     (Business)

5.    I served the party
       a. **by personal service.** I personally delivered the documents listed in Item 2 to the party or person authorized to
          receive service of process for the party (1) on  November 25, 2009   (2) at: 09:40 AM

6.    The "Notice to the person served" (on the summons) was completed as follows:
       c. on behalf of:           CRST, INC.
          under [xx] CCP 416.10    (corporation)

7.    **Person who served papers**
       a. THOMAS MARTINEZ
       b. KNOX ATTORNEY SERVICE, INC.
          2250 Fourth Avenue
          San Diego, California 92101
       c. 619-233-9700

       d. Fee for service: $87.75
       e. I am:
                  (3) a registered California process server
                     (i)    an independent contractor
                     (ii)   Registration No.: 152
                     (iii)  County: San Diego

8.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  December 1, 2009

Signature: _____
                    THOMAS MARTINEZ

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)

**PROOF OF SERVICE**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| A. Mark Pope / Stephanie Reynolds       77798/220090<br>POPE, BERGER & WILLIAMS, LLP<br>3555 Fifth Avenue, Suite 300<br>San Diego, CA 92103<br>TELEPHONE NO.: (619) 595-1366      FAX NO.*(Optional)*: (619) 236-9677<br>E-MAIL ADDRESS *(Optional)*: pope@popeberger.com<br>ATTORNEY FOR *(Name)*: CHARLES SMITH, HECTOR CASAS, BARRY ... | RECEIVED<br><br>DEC 1 8 2009<br><br>SCOPELITIS, GARVIN,<br>LIGHT, HANSON & FEARY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: HALL OF JUSTICE

PLAINTIFF/PETITIONER: CHARLES SMITH, HECTOR CASAS and BAR
NEWMANN
DEFENDANT/RESPONDENT: CRST VAN EXPEDITED, INC., CRST, INC.
and DOES 1 through 50, inclusive

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>37-2009-00101679-CU-OE-CTL |
|---|---|

TO *(insert name of party being served)*: CRST Van Expedited, Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: December 1, 2009

A. Mark Pope _____     ►     _____
                    (TYPE OR PRINT NAME)                        (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*:
      Civil Case Cover Sheet, Notice of Case Assignment, Peremptory Challenge, Notice of Case Reassignment and
      Stipulation to Alternative Dispute Resolution Process (ADR).

*(To be completed by recipient)*:

Date this form is signed: December 2, 2009

Christopher C. McNatt, Jr. _____     ►     _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
Attorney for CRST Van Expedited, Inc.

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

SMITH / CRST 5183

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| A. Mark Pope / Stephanie Reynolds   77798/220090<br>POPE, BERGER & WILLIAMS, LLP<br>3555 Fifth Avenue, Suite 300<br>San Diego, CA 92103<br>TELEPHONE NO.*(Optional):* (619) 595-1366   FAX NO.*(Optional):* (619) 236-9677<br>E-MAIL ADDRESS *(Optional):* pope@popeberger.com<br>ATTORNEY FOR *(Name):* CHARLES SMITH, HECTOR CASAS, BARRY ... | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

- [X] CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
- [ ] EAST COUNTY DIVISION, RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

RECEIVED

| PLAINTIFF(S)  CHARLES SMITH, HECTOR CASAS and BARRY NEWMANN | JUDGE  Luis R. Vargas           2009 |
|---|---|
| DEFENDANT(S) CRST VAN EXPEDITED, INC., CRST, INC.<br>and DOES 1 through 50, inclusive | DEPARTMENT  C-63 |
| **CERTIFICATE OF SERVICE** | CASE NUMBER<br>37-2009-00101679-CU-OE-CTL  FEARY |

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with SDSC Local Rule 2.1.5.


Date: December 16, 2009 _____


A. Mark Pope _____
Type or print name                                         Signature

NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE. Instead, file the form CERTIFICATE OF PROGRESS (SDSC Form #CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.



| SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO - CENTRAL | COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):   TELEPHONE NO.: A. Mark Pope (SBN 77798)   (619) 595-1366 Stephanie Reynolds (SBN 220090)   (619) 236-9677 - fax POPE, BERGER & WILLIAMS, LLP 3555 Fifth Avenue, Suite 300 San Diego, California 92103 | |
| SHORT CASE TITLE SMITH, et al. v. CRST VAN EXPEDITED, et al. | ICI: Hon. Luis R. Vargas Dept.: C-63 |
| ATTORNEYS FOR PLAINTIFFS:   DATE/TIME/DEPT CHARLES SMITH, HECTOR CASAS, and BARRY NEWMANN, individually and on behalf of all other similarly situated current and former employees of Defendants in the State of California | CASE NUMBER 37-2009-00101679-CU-OE-CTL |

## DECLARATION OF SERVICE

I, the undersigned, declare: That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 3555 Fifth Avenue, Suite 300, San Diego, California 92103. On **December 16, 2009,** I served the following document(s):

1.   **PROOF OF SERVICE OF SUMMONS;**

2.   **NOTICE OF ACKNOWLEDGMENT OF RECEIPT; and**

3.   **CERTIFICATE OF SERVICE; and**

by placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:

### SEE ATTACHED

[ X ]   **BY MAIL** I sealed each envelope and, with the postage thereon fully prepaid, deposited each in our mail room in the ordinary course of business at San Diego, California, on **June 8, 2009.** I am familiar with the business practice of this office for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with the United States Postal Service the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **June 8, 2009.**

Valery Leinweber

*SMITH, et al. v. CRST VAN EXPEDITED, et al.*
<u>Superior Court Case No.: 37-2009-00101679-CU-OE-CTL</u>

<u>Person(s) Served:</u>

Douglas J. Campion
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
619/299-2091
619/858-0034 - fax

*Counsel for Plaintiffs*
CHARLES SMITH, HECTOR CASAS, and BARRY
NEWMANN, individually and on behalf of all other
similarly situated current and former employees of
Defendants in the State of California

Christopher C. McNatt, Jr.
Scopelitis, Garvin, Light, Hanson & Feary, LLP
2 North Lake Avenue, Suite 460
Pasadena, CA 91101
626/795-4700 - main line
626/345-5020 - direct line
626/795-4790 - fax

*Attorneys for Defendant*
CRST VAN EXPEDITED, INC.; and
CRST, INC.

1 | Kathleen C. Jeffries
Cal. Bar No. 110362
2 | kjeffries@scopelitis.com
Christopher C. McNatt, Jr.
3 | Cal. Bar No. 174559
cmcnatt@scopelitis.com
4 | SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
5 | Pasadena, CA 91101
(626) 795-4700
6 | Fax: (626) 795-4790

7 | Attorneys for Defendant
CRST Van Expedited, Inc.

8

9 | **SUPERIOR COURT OF CALIFORNIA**

10 | **COUNTY OF SAN DIEGO**

11 | CHARLES SMITH , HECTOR CASAS )    CASE NO.:
and BARRY NEWMANN, individually )
12 | and on behalf of all other similarly )    37-2009-00101679-CU-OE-CTL
situated current and former employees )
13 | of Defendants in the State of California, )    The Honorable Luis R. Vargas
                                     )
14 |             Plaintiffs, )    **ANSWER AND AFFIRMATIVE**
                                    )    **DEFENSES OF DEFENDANT,**
15 |          vs. )    **CRST VAN EXPEDITED, INC.**
                                    )    **f/k/a CRST, INC., TO**
16 | CRST VAN EXPEDITED, INC., )    **PLAINTIFFS' CLASS ACTION**
CRST, INC. and DOES 1 through 50, )    **COMPLAINT**
17 | inclusive, )
                                    )    Complaint Filed: November 5, 2009
18 |            Defendants. )    Trial Date: None Set
                                    )    Department: C-63

19

20 |       Defendant, CRST Van Expedited, Inc. f/k/a CRST, Inc. ("CRST"), by counsel, responds to the

21 | Class Action Complaint filed by Plaintiffs, Charles Smith, Hector Casas and Barry Newmann, as

22 | follows:

23 | **I.**

24 | **GENERAL DENIAL**

25 |       Pursuant to California Code of Civil Procedure § 431.30(d), CRST generally and specifically

26 | denies each and every allegation contained in the Class Action Complaint and each purported cause of

27 | action therein.  Without limiting the generality of the foregoing, CRST specifically denies that

28 | Plaintiffs, and/or the class they seek to represent, are entitled to any of the relief requested; that CRST

1   violated any statute or other legal requirement pertaining to compensation to be paid its drivers; that

2   CRST is guilty of any wrongful conduct or omission; and that any conduct or omissions of CRST

3   caused any injury or damage to Plaintiffs, and/or the class they seek to represent, in the amount alleged

4   or otherwise.

## II.

### AFFIRMATIVE DEFENSES

7        Pursuant to California Code of Civil Procedure § 431.30(g), CRST further pleads the following

8   separate and additional defenses to the Class Action Complaint, without in any way agreeing or

9   conceding that it has the burden of proof or persuasion of any of these issues or that it is liable for any

10  claims against it:

### FIRST AFFIRMATIVE DEFENSE

12      1.    The Class Action Complaint should be dismissed because each claim set forth in the

13  Class Action Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

15      2.    The Class Action Complaint should be dismissed because Plaintiffs have failed to

16  exhaust all administrative remedies available and required to secure the benefits and protections to

17  which he claims to have been entitled pursuant to California law.

### THIRD AFFIRMATIVE DEFENSE

19      3.    The Class Action Complaint should be dismissed because questions regarding the

20  benefits and protections to which Plaintiffs claim to have been entitled, including Plaintiffs'

21  entitlement to those benefits, and the amount of any benefits, are within the exclusive and primary

22  jurisdiction of certain California state and/or federal administrative agencies.

### FOURTH AFFIRMATIVE DEFENSE

24      4.    Plaintiffs' claims for damages are barred, in whole or in part, by Plaintiffs' failure to

25  mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE

27      5.    Some or all of Plaintiffs' claims are barred by the doctrine of laches.

28

SIXTH AFFIRMATIVE DEFENSE

6.    Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands and/or the doctrine of waiver. To the extent that Defendant provided Plaintiffs with the opportunity to take a meal or rest break and he declined, failed or refused to do so, Plaintiffs cannot recover.

SEVENTH AFFIRMATIVE DEFENSE

7.    Some or all of Plaintiffs' claims are barred by the doctrine of estoppel.

EIGHTH AFFIRMATIVE DEFENSE

8.    Some or all of Plaintiffs' claims are barred because Defendant has paid Plaintiffs in full.

NINTH AFFIRMATIVE DEFENSE

9.    Some or all of Plaintiffs' claims imposing penalties would be inequitable and unjust and are therefore barred because a good faith dispute exists as to whether additional compensation is due and owing and Defendant has not intentionally or willfully failed to pay such additional compensation.

TENTH AFFIRMATIVE DEFENSE

10.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of avoidable consequences.

ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiffs' claims must be dismissed to the extent they relate to work activities performed outside California because the California Labor Code does not apply to work activities performed outside the state.

TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiffs cannot recover alleged unpaid minimum wage compensation or overtime compensation under California Business & Professions Code § 17200 because any such compensation required under the applicable California Labor Code provisions is not subject to equitable relief.

3
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,<br>CRST VAN EXPEDITED, INC. f/k/a CRST, INC., TO PLAINTIFFS' CLASS ACTION COMPLAINT

1      THIRTEENTH AFFIRMATIVE DEFENSE

2      13.    The business practices alleged in the Class Action Complaint are not "unfair" as that

3   term is defined and utilized in California Business & Professions Code § 17200.

4      FOURTEENTH AFFIRMATIVE DEFENSE

5      14.    Plaintiffs' claims are barred, in whole or in part, because the alleged practices are not

6   unfair, the public is not likely to be deceived by any alleged practices, Defendant gained no

7   competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm

8   or other impact they may cause.

9      FIFTEENTH AFFIRMATIVE DEFENSE

10     15.    Plaintiffs' claims are barred, in whole or in part, because Defendant's business

11  practices are not and were not "unlawful" in that they complied with all applicable statutes and

12  regulations regarding the payment of wages.

13     SIXTEENTH AFFIRMATIVE DEFENSE

14     16.    The imposition of replicating penalties, as applied to the alleged facts and

15  circumstances of this case, would violate Defendant's due process rights under the U.S. Constitution

16  and the California Constitution.

17     SEVENTEENTH AFFIRMATIVE DEFENSE

18     17.    Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

19     EIGHTEENTH AFFIRMATIVE DEFENSE

20     18.    Some or all of Plaintiffs' claims are barred because Plaintiffs consented to the alleged

21  conduct of Defendant.

22     NINETEENTH AFFIRMATIVE DEFENSE

23     19.    Some or all of Plaintiffs' claims should be reduced by the doctrine of set off.

24     TWENTIETH AFFIRMATIVE DEFENSE

25     20.    This action does not meet the requirements for class action treatment, and Plaintiffs

26  cannot satisfy the requirements for maintenance of a class action, including, without limitation,

27  ascertainability, predominance, typicality, adequacy, and superiority.

28

1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

2       21.    Plaintiffs have been fully compensated for any wages owed, and, by accepting the

3   payments made to them, have effectuated an accord and satisfaction of their claims.

4

### TWENTY-SECOND AFFIRMATIVE DEFENSE

5       22.    All actions taken by Defendant toward Plaintiffs were lawful and not in violation of

6   public policy.

7

### TWENTY-THIRD AFFIRMATIVE DEFENSE

8       23.    Even assuming for the sake of argument that Defendant violated a statute in the

9   California Labor Code or California Business & Professions Code, or an Industrial Welfare

10   Commission Wage Order, any such violation was a result of an act or omission in good faith, and

11   Defendant had reasonable grounds for believing such act or omission was not a violation of any

12   statute, order, regulation or policy.

13

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

14       24.    Defendant has not willfully or intentionally failed to pay any compensation to Plaintiffs

15   so as to justify an award of penalties or fees to Plaintiffs on that basis.

16

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

17       25.    Any claim for penalties is unconstitutional under the U.S. Constitution and the

18   California Constitution.

19

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

20       26.    To the extent Plaintiffs seek to recover equitable relief, Plaintiffs are not entitled to

21   such a relief because he has an adequate remedy at law.

22

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

23       27.    Some or all of Plaintiffs' claims are barred because, at all times, Defendant acted in

24   good faith, did not engage in any unfair business practices, and did not otherwise violate any

25   applicable laws.

26

27

28

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.   California Business & Profession Code § 17200, et seq., is unconstitutional, vague and over broad in the manner in which Plaintiffs claim that the statutes apply to Defendant's business practices and thus constitutes a violation of Defendant's rights to due process and equal protection.

TWENTY-NINTH AFFIRMATIVE DEFENSE

29.   Pre-judgment interest may not be granted because the damages claimed by Plaintiffs are not sufficiently certain to allow an award of pre-judgment interest.

THIRTIETH AFFIRMATIVE DEFENSE

30.   Plaintiffs' allegations against unidentified "Doe" defendants must be dismissed because Plaintiffs have failed to identify and serve those purported defendants in a timely manner.

THIRTY-FIRST AFFIRMATIVE DEFENSE

31.   Plaintiffs' claims under California law are preempted under the Supremacy Clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, because (a) California's laws conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration ("FMCSA"); (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service; and (c) California's laws affect Defendant's rates, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501.

THIRTY-SECOND AFFIRMATIVE DEFENSE

32.   Defendant will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and affirmative defenses to include additional defenses after the completion of discovery.

WHEREFORE, Defendant requests judgment as follows:

A.   That this action not be certified as a class action;

B.   That Plaintiffs take nothing by way of the Class Action Complaint;

6

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,
CRST VAN EXPEDITED, INC. f/k/a CRST, INC., TO PLAINTIFFS' CLASS ACTION COMPLAINT

1      C.     That judgment be entered against Plaintiffs and in favor of Defendant;

2      D.     That Defendant be awarded its attorney fees and costs incurred in this case; and

3      E.     That Defendant be awarded all other necessary and proper relief.

5  Dated:  December 22, 2009

6                        Respectfully submitted,

9                        Christopher C. McNatt, Jr.

11                     Attorney for Defendant,
                         CRST Van Expedited, Inc.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,
CRST VAN EXPEDITED, INC. f/k/a CRST, INC., TO PLAINTIFFS' CLASS ACTION COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

On, December 22, 2009, I served the foregoing document described as **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, CRST VAN EXPEDITED, INC., TO PLAINTIFFS' CLASS ACTION COMPLAINT** on interested parties in this action by place as true copy thereof enclosed in a sealed envelope addressed as follows:

A. Mark Pope
Stephanie Reynolds
Pope, Berger & Williams, LLP
3555 Fifth Avenue, Suite 300
San Diego, California 92103

Douglas J. Campion
Law Office of Douglas J. Campion
409 Camino Del Rio South, Site 303
San Diego, California 92108

√ **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√ **(STATE)** I declare under penalty of perjury that the laws of the State of California that the above is true and correct.

____ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 23, 2009, at Pasadena, California

_Michelle Lazo_
Michelle Lazo

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,
CRST VAN EXPEDITED, INC. f/k/a CRST, INC., TO PLAINTIFFS' CLASS ACTION COMPLAINT

Exhibit "C"

1  Kathleen C. Jeffries
   Cal. Bar No. 110362
2  kjeffries@scopelitis.com
   Christopher C. McNatt, Jr.
3  Cal. Bar No. 174559
   cmcnatt@scopelitis.com
4  SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
   2 North Lake Avenue, Suite 460
5  Pasadena, CA 91101
   (626) 795-4700
6  Fax:  (626) 795-4790

7  Attorneys for Defendant,
   CRST Van Expedited, Inc., f/k/a CRST, Inc.
8
                    SUPERIOR COURT OF CALIFORNIA
9
                       COUNTY OF SAN DIEGO
10

11  CHARLES SMITH , HECTOR CASAS and    )    CASE NO.:
    BARRY NEWMANN, individually and on  )
12  behalf of all other similarly situated current )   37-2009-00101679-CU-OE-CTL
    and former employees of Defendants in the )
13  State of California,                  )    The Honorable Luis R. Vargas
                                          )
                          Plaintiffs,     )    NOTICE OF REMOVAL TO ADVERSE
14                                        )    PARTIES AND STATE COURT CLERK
                                          )
15              vs.                       )    Complaint Filed:  November 5, 2009
                                          )    Trial Date: None Set
16  CRST VAN EXPEDITED, INC., CRST, Inc., )    Department: C-63
    and DOES 1 through 50, inclusive,     )
17                                        )
                          Defendants.     )
                                          )
18
19       You are hereby notified that Defendant, CRST Van Expedited, Inc., f/k/a CRST, Inc., has on

20  December 23, 2009, filed in the U.S. District Court for the Southern District of California its Notice of

    Removal of this case.  A copy of the Notice of Removal is attached hereto.
21

22

23  Dated:  December 23, 2009

24                                    Respectfully submitted,

25

26                                    _____
                                      Christopher C. McNatt, Jr.
27
                                      Attorney for Defendant,
28                                    CRST Van Expedited, Inc. f/k/a CRST, Inc.

                                         1
              NOTICE OF REMOVAL TO ADVERSE PARTIES AND STATE COURT CLERK

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

5

6

On, December 23, 2009, I served the foregoing document described as **NOTICE OF REMOVAL** on interested parties in this action by place as true copy thereof enclosed in a sealed envelope addressed as follows:

7

8

9

10

A. Mark Pope
Stephanie Reynolds
Pope, Berger & Williams, LLP
3555 Fifth Avenue, Suite 300
San Diego, California 92103

11

12

13

Douglas J. Campion
Law Office of Douglas J. Campion
409 Camino Del Rio South, Site 303
San Diego, California 92108

14

√      **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

15

16

17

18

19

√      I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party service, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21

_____    **(STATE)** I declare under penalty of perjury that the laws of the State of California that the above is true and correct.

22

23

√      **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

Executed on December 23, 2009, at Pasadena, California.

25

26

_Michelle Lazo_
Michelle Lazo

27

28

8

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

VIA FAX

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Charles Smith, Hector Casas and Barry Newmann, individually and on behalf of all others similarly situated

## DEFENDANTS

CRST Van Expedited, Inc., CRST, Inc. and DOES 1 through 50, inclusive.

09 DEC 23 PH 4:58

**(b)** County of Residence of First Listed Plaintiff  San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Linn County, Iowa
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pope, Berger & Williams, LLP, 2555 Fifth Avenue, # 300, San Diego, CA 92103, Phone: 619-234-1222

Attorneys (If '09 CV 2885 L WMc

Scopelitis, Garvin, Light, Hanson & Feary, LLP, 2 North Lake Avenue, # 460, Pasadena, CA 91101, Phone: 626-795-4700

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury - | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Injury Product | ☐ 660 Occupational | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | Safety/Health |  | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 380 Other Personal | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / ☐ 385 Property Damage | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury Product Liability | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | Security Act | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ **Habeas Corpus:** |  | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General |  |  | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | Under Equal Access |
|  | Employment / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | Alien Detainee |  | ☐ 950 Constitutionality of |
|  | Other | ☐ 465 Other Immigration |  | State Statutes |
|  | ☐ 440 Other Civil Rights | Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1446

Brief description of cause:
Failure to Pay Minimum Wage, Unlawful and Unfair Business Practices

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  December 23, 2009

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 8628  AMOUNT 350.00  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

MS 12/23/09

CP

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS008628
Cashier ID: msweaney
Transaction Date: 12/23/2009
Payer Name: DDS LEGAL SUPPORT SYSTEMS
--------------------------------
CIVIL FILING FEE
  For: SMITH V CRST
  Case/Party: D-CAS-3-09-CV-002885-001
  Amount:      $350.00
--------------------------------
CHECK
  Check/Money Order Num: 109207
  Amt Tendered: $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```