UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SMITH *et al.*, | Civil No. 09cv2885-L(WMc) |
| Plaintiffs, | **ORDER REMANDING ACTION TO STATE COURT** |
| v. | |
| CRST VAN EXPEDITED, INC., | |
| Defendant. | |

On December 23, 2009 Defendants CRST Van Expedited, Inc. and CRST, Inc.[1] (collectively "CRST") filed a notice of removal, removing this putative class action for violation of California wages and hours laws.  The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. Sections 1332 and 1441.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).  "Except as otherwise expressly provided by Act of Congress, any civil action

_____

[1]    Initially two Defendants were named in the complaint; however, Defendant CRST, Inc. was dismissed on January 12, 2010 pursuant to the parties' stipulation.

09cv2881

brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction,' that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Abrego Abrego*, 443 at 685, quoting *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941).

CRST removed this putative class action based on diversity jurisdiction under 28 U.S.C. Section 1332(d). "Section 1332(d), added by [Class Action Fairness Act of 2005, "CAFA"], vests the district court with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity." *Abrego Abrego*, 443 F.3d at 680 (9th Cir. 2006) (footnote omitted).

The burden of establishing removal jurisdiction, including the amount in controversy requirement under CAFA, is on the defendant. *Abrego Abrego*, 443 F.3d at 682-85. To determine whether the amount in controversy has been met on removal, "[t]he district court may

09cv2881

consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Plaintiffs and putative class members worked as truck drivers for CRST.  Plaintiffs claim that CRST failed to pay them minimum wages for attending orientation and driver training programs and for reporting to cancelled assignments.  They also seek liquidated damages and injunctive relief pursuant to California Labor Code, and claim violation of California Business and Professions Code Section 17200.  All causes of action are alleged under California law.  Plaintiffs request damages, restitution, injunctive relief and attorneys' fees.  The complaint does not specify the amount of damages sought.

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego*, 443 F.3d at 683.  "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

CRST has provided only argument but no evidence in support of its contention that the jurisdictional amount of $ 5 million is met in this case.  Upon closer examination, even CRST's arguments fall apart.  Accepting CRST's allegation regarding the precise number of putative class members (Notice of Removal at 3), CRST's claim that its calculations of the amount in controversy are supported by the allegations in the complaint are inaccurate.  For example, the complaint alleges that the driver orientation program lasted *three or four* days, while CRST's calculations are based entirely on a four-day program, and CRST's reliance on an eight-hour day for the orientation program is unsupported by the complaint, which is silent on this issue.  (*Cf.* Compl. at 5 & Notice of Removal at 4.)  Similarly, CRST's calculation of the amount at issue for cancelled assignments is based on estimates of the number of cancelled assignments, but there is not even an allegation of factual support for the estimates, much less any evidence.  (Notice of Removal at 5.)  CRST therefore has not met its burden of showing that it is more likely than not that the jurisdictional amount is met in this case.

1    The facts and arguments presented in the notice of removal do not meet the burden of

2  establishing removal jurisdiction.  "If at any time before final judgment it appears that the

3  district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.

4  § 1447(c).  Accordingly, this action is **REMANDED** to the Superior Court of the State of

5  California for the County of San Diego.

6    **IT IS SO ORDERED**.

7

8  DATED:  January 28, 2010

9

10                                   M. James Lorenz
                                     United States District Court Judge

11  COPY TO:

12  HON. WILLIAM McCURINE, Jr.
    UNITED STATES MAGISTRATE JUDGE

13  ALL PARTIES/COUNSEL

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv2881